IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KENNETH D. ROGERS,            )
                                             )
                 Plaintiff,          )
                                               )
                 v.                    )             1:04CV739
                                               )
CHIEF MERL HAMILTON,        )
OFFICER Q. WITHERSPOON, and   )
SIX UNKNOWN DEFENDANTS,     )
                                              )
                 Defendants.       )

<u>MEMORANDUM OPINION</u>

BEATY, District Judge.

       This matter is before the Court on Defendants' two unopposed Motions to Dismiss [Document #13, #18] and additional unopposed Motion for Summary Judgment [Document #22]. For the reasons discussed below, Defendants' first unopposed Motion to Dismiss [Document #13] will be GRANTED, this case will be DISMISSED WITH PREJUDICE, and the remaining motions are deemed MOOT.

I.      FACTUAL BACKGROUND

       Plaintiff Kenneth D. Rogers, who is *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, alleging violation of his Constitutional rights by various Concord, North Carolina police officers. Plaintiff contends that on November 5, 2003, police officers tackled him and twisted his arm after he ran from them while they were attempting to arrest him on a warrant for the sale of cocaine. Plaintiff contends that as a result, he was "sore," although he did not seek medical treatment. Plaintiff also contends that police officers violated his constitutional rights when they attempted to search his home on December 12, 2003. Plaintiff also brings state tort claims for assault, battery, defamation, negligence, and negligent infliction of emotional distress. Plaintiff ultimately pled

guilty to various state drug charges, including sale and delivery of narcotics, and was sentenced to five months in state prison. In the present suit, Plaintiff now disputes his guilt, alleges "false arrest" and contends that he was "entrapped." However, Plaintiff's underlying state conviction has not been overturned.

On November 9, 2004, the Court entered a Rule 26(f) Scheduling Order in this case. However, during the course of this litigation, Plaintiff refused to respond to discovery by failing to make initial disclosures required by Rule 26 and by failing to fully respond to Defendants' Interrogatories and Requests. Defendants filed a Motion to Compel, and on March 16, 2005, this Court granted Defendants' Motion to Compel and ordered Plaintiff to "answer each of the interrogatories identified [and] . . .produce to defendants all of the documents sought in Requests 1 and 5." The Court ordered Plaintiff to serve these answers and documents "on or before April 1, 2005." The Court's March 16, 2005 Order specifically warned Plaintiff that failure to comply would result in sanctions, including the dismissal of the action. However, to date Plaintiff has still failed to provide the required information.

Defendants subsequently filed two Motions to Dismiss or for Sanctions [Documents #13, #18] based on Plaintiff's failure to comply with the Court's discovery orders. Defendants filed their first Motion to Dismiss [Document #13] on April 8, 2005, and the Clerk's Office sent letters to Plaintiff on April 11, 2005 and May 11, 2005 informing him of his right to respond. The letters specifically warned Plaintiff that "[y]our failure to respond . . . within the allowed time may cause the court to conclude that the defendants' contentions are undisputed and/or that you no longer wish to pursue the matter. Therefore, unless you file a response in opposition to the defendants' motion, it is likely your case will be dismissed or summary judgment granted in favor of the defendants."

Defendants filed their second Motion to Dismiss [Document # 18] on May 25, 2005, and the Clerk's Office sent Plaintiff another letter on June 2, 2005 informing him of the need to respond. Finally, Defendants filed their Motion for Summary Judgment [Document #22] on June 17, 2005, and the Clerk's Office sent Plaintiff a letter on August 1, 2005 advising him of the need to respond. Plaintiff failed to respond in any way to any of these Motions or letters, and Defendants' Motions were referred to the Court on September 29, 2005 as unopposed Motions. To date, Plaintiff has still failed to file any response to any of the Motions.

II.     ANALYSIS

In their first Motion to Dismiss [Document #13], Defendants contend that this case should be dismissed pursuant to Federal Rules of Civil Procedure 37 and 41 based on Plaintiff's failure to comply with the Court's Orders and failure to prosecute or participate in this litigation. Federal Rule of Civil Procedure 37(b)(2)(C) states that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just" including "[a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C); see also Porter v. Guarino, 223 F.R.D. 282, 284 (M.D.N.C. 2004) (dismissing a case with prejudice based upon the plaintiff's failure to cooperate in discovery and failure to comply with the Court's discovery orders).

In this case, Plaintiff has failed to comply with the November 9, 2004 Rule 26(f) Scheduling Order entered in this case, and has also specifically failed to comply with this Court's March 15, 2005 Discovery Order [Document #11]. In that March 15, 2005 Order, the Court stated that "Plaintiff is forewarned that failure to obey this order will result in sanctions, including the

assessment of attorney's fees and/or the dismissal of this action."  The Court finds that Plaintiff's failure to comply with the Court's discovery orders has resulted in significant prejudice to Defendants, based on the undue delay in resolving this case and the need for multiple motions in the face of Plaintiff's failure to participate in discovery and blatant failure to comply with this Court's Orders.  Plaintiff offers no justification for his failure and does not even attempt to establish that he was acting in good faith. Given Plaintiff's failure to comply with the Court's previous Orders and continued failure to participate in discovery, particularly after being repeatedly advised of the consequences of such failure, the Court concludes that no less stringent sanctions would be effective, and dismissal of this action is warranted pursuant to Federal Rule of Civil Procedure 37.

In addition, the Court notes that dismissal is also warranted pursuant to Federal Rule of Civil Procedure 41.  Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."  Fed. R. Civ. P. 41(b); see also Porter, 223 F.R.D. at 284 (finding that dismissal was also warranted pursuant to Rule 41 based upon the non-cooperation by the plaintiff, the history of delay, and the prejudice to defendants); Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989) (finding that dismissal pursuant to Rule 41 was appropriate based on the plaintiff's failure to comply with a court order where the district court's order included an "explicit warning that a recommendation of dismissal would result from failure to obey [the] order").

In the present case, Plaintiff has failed to respond to Defendants' Motion in any way.  In addition, Plaintiff has failed to comply with this Court's orders or participate in the further prosecution of this action.  This failure has resulted in extensive and unnecessary delay, and has

4

significantly prejudiced Defendants in their efforts to undertake discovery and their attempt to resolve this case in a meaningful way. Plaintiff himself was directly responsible for his failures in this regard, and was repeatedly warned by the Court that his failure to respond or participate would result in dismissal of this action. Given Plaintiff's complete failure to respond or participate meaningfully in this case and his violation of the Court's orders, the Court concludes that dismissal pursuant to Rule 41 is also appropriate.

Based on these findings, the Court concludes that Defendants' First Motion to Dismiss [Document #13] pursuant to Rule 37 and Rule 41 should be GRANTED, and this case should be DISMISSED WITH PREJUDICE. Defendants' subsequent Motion to Dismiss [Document #18] and Motion for Summary Judgment [Document #22] are therefore MOOT.

An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 2nd day of December, 2005.

_____
United States District Judge